UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Roger Dale Curtis,  #143635, | ) C/A No. 3:10-3053-CMC-JRM |
|  Plaintiff, | ) |
| vs. | ) |
| Jon Ozmit, Director of Department of Corrections; | ) |
| Samuel B. Glover, Director of Probation, Parole and Pardon Services; | ) |
| The Department of Corrections; | ) Report and Recommendation |
| The Department of Probation, Parole and Pardon Services; | ) |
| Heyward A. Hinton; | ) |
| Mr. Tommy Evans, Jr.; | ) |
| Mrs. Thompson; | ) |
| Mrs. Long; | ) |
| Mr. A. Padula; | ) |
| Mr. D. Nolan; | ) |
| Mrs. B. Reams; | ) |
| Mrs. G. White, | ) |
|  Defendants. | ) |

The Plaintiff, Roger Dale Curtis (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at the Lee Correctional Institution, and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names state agencies and employees

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

thereof as Defendants.[2] The complaint should be dismissed for failure to state a claim upon which relief may be granted.

## Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

---

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

The complaint states that, "[o]n March 8, 1994, the Department of Probation, Parole and Pardon Services . . . reviewed plaintiff's Post-Conviction Relief filed in the Spartanburg County Court's." ECF No. 1, page 5. Plaintiff then received notice that the "Boards determination that plaintiff is a Subsequent Violent Offender in cases 87-GS-42-718 and 82-GS-42-719 is rescinded." *Id.* However, despite this notice, Plaintiff alleges that the "Board has denied [Plaintiff] parole on (9) nine occasions related to being a Subsequent Violent Offender." *Id.* at 6.

Plaintiff indicates that he was denied parole eligibility by the South Carolina Department of Corrections (SCDC) on April 5, 2010. *Id.* Plaintiff states SCDC claimed the "1994 notice was recently discovered, and that there was no reference to this information in the parole management information system." *Id.* Plaintiff alleges that he "put a copy of said 1994 notice in the hands of Head Classification Supervision: Mrs. Long of Kershaw C.I. on June 23, 2010." *Id.* Plaintiff's denial of parole eligibility resulted in his being "erroneously classified a Lifer without parole,

thereby reclassified from a Security Custody Level (2) two to a Security Custody Level (3) three." *Id.* Plaintiff was also "capriciously transferred" from Kershaw Correctional Institution (KCI) to Lee Correctional Institution (LCI), which caused Plaintiff to lose his "continued employment in Prison Industries." *Id.* Plaintiff alleges that his transfer has caused physical and mental distress as he is unable to get "the physical exercise his body is use[d] to," and is now "further from home making it harder for plaintiff's family to visit." *Id.* at 7. Plaintiff complains that Warden A. Padula, Associate Warden D. Nolan, and Classification Supervisor B. Reams "all give one excuse or another to keep from returning plaintiff['s] Security Custody Level." *Id.*

On July 30, 2010, Defendant Tommy Evans, Jr., legal counsel for the Department of Probation, Parole, and Pardon Services (DPPPS), allegedly provided Plaintiff with notice that "the Department has decided to rescind our decision to deny Plaintiff parole" due to the "recent discovery, (meaning the 1994 determination)." *Id.* at 8. Plaintiff states that, in reliance on Defendant Evans' notice, Plaintiff withdrew an appeal that was pending before the Administrative Law Court. *Id.* Plaintiff's parole was subsequently denied for the ninth time on September 29, 2010. *Id.* Thus, Plaintiff alleges breach of trust and breach of agreement by Defendant Evans and Defendant DPPPS. *Id.* The "notice of denial of parole came from the Department's Director of hearings and Board Support Services: Mr. Heyward A. Hinton." *Id.*

Plaintiff names the current Director of the DPPPS, Mr. Samuel Glover, and SCDC Director, Jon Ozmint, for allowing their agencies act "in excess of statutory authority." *Id.* at 9. Specifically, Plaintiff complains that Defendant Ozmint allows "lock down [of] different units at odd times for no reason." *Id.* Plaintiff identifies Defendant Mrs. G. White as a classification officer at LCI. *Id* at 4. While not discussed in the complaint, Plaintiff provides an inmate grievance form, which

indicates that he has spoken with Defendant White, who "insists that [Plaintiff] has a major disciplinary and refuses to check the computer." *Id.* at 10. Defendant Mrs. Thompson, Classification Headquarters Supervisor, is not mentioned in the body of the pleading. Plaintiff asks this Court to: (1) award him monetary damages; (2) reimburse him for lost wages; (3) replace a lamp and radio extension cord confiscated during Plaintiff's transfer to LCI; (4) reinstate his security custody level; (5) return him to KCI; (6) direct the DPPPS to rescind their decision to deny Plaintiff parole; and (7) direct SCDC to "stop their outrageous practices of locking down units for no other reason than they can." *Id.* at 11-12.

## Discussion

As an initial matter, Plaintiff names two Defendants, The Department of Corrections (SCDC) and the Department of Probation, Parole, and Pardon Services (DPPPS), which are protected from suit under § 1983 by Eleventh Amendment immunity. The Eleventh Amendment forbids a federal court from rendering a judgment against an unconsenting state in favor of a citizen of that state. *Edelman v. Jordan*, 415 U. S. 651, 663 (1974); *Hans v. Louisiana*, 134 U. S. 1 (1890). The Eleventh Amendment also bars this Court from granting injunctive relief against the state. *See Alabama v. Pugh*, 438 U. S. 781 (1978); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996)(the relief sought by a plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment). State agencies, such as SCDC and DPPPS, share this immunity when they are the alter egos of the state. *See Regents of the University of California v. Doe*, 519 U.S. 425, 429

(1997). As SCDC and DPPPS are immune from suit in the instant § 1983 action, these Defendants are entitled to summary dismissal.[3]

Plaintiff names Defendants Mr. A. Padula, Mr. D. Nolan, Mrs. B. Reams, Mrs. Long, and Mrs. G. White for actions associated with Plaintiff's reclassification from a "Security Custody Level (2) two to a Security Custody Level (3) three." Although not discussed in the body of the pleading, it is presumed that Defendant Mrs. Thompson, Classification Headquarters Supervisor, is also named for her involvement in Plaintiff's re-classification. Essentially, Plaintiff complains that he has been improperly classified by these Defendants, resulting in Plaintiff's placement in a higher security level prison. However, there is no constitutional right for a state or federal prisoner to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution. *See Olim v. Wakinekona*, 461 U.S. 238 (1983); *Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir. 1994). *See also Hewitt v. Helms*, 459 U.S. 460, 468 (1983)("[T]he transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence.").[4] Further, federal courts are required to accord great consideration to a correctional system's need to maintain order, discipline, and control. *See Sandin v. Conner,* 515 U.S. 472, 482 (1995)("federal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile

---

[3] While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. *See Quern v. Jordan*, 440 U. S. 332, 343 (1979). In addition, a State may consent to a suit in a federal district court. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 & n. 9 (1984). However, the State of South Carolina has not consented to such actions. *See* S.C. Code Ann. § 15-78-20(e).

[4] Unrelated portions of the holding in *Hewitt v. Helms* have been superannuated by later case law. This portion of the holding in *Hewitt v. Helms* has not been superannuated by later case law.

environment")(*citi*ng *Wolff v. McDonnell*, 418 U.S. 539, 561-63 (1974)).  Thus, the placement and assignment of inmates into particular institutions or units by state or federal corrections departments are discretionary functions, and are not subject to review *unless* state or federal law places limitations on official discretion.  *Hayes v. Thompson*, 726 F.2d 1015, 1016-1017 (4th Cir. 1984)(collecting cases).

Cases previously decided in this judicial district make it clear that South Carolina law confers no protected liberty interest upon inmates of the South Carolina Department of Corrections (SCDC) from being classified, or being placed in administrative segregation, in a particular prison, or in a particular section of a prison.  *See*, *e.g.*,  *Keeler v. Pea*, 782 F. Supp. 42, 43-44, (D.S.C. 1992), (*citing Meachum v. Fano*, 427 U.S. 215 (1976)).  *See also  Vice v. Harvey*, 458 F. Supp. 1031, 1034 (D.S.C. 1978); *Brown v. Evatt*,  470 S.E.2d 848 (S.C. 1996)(South Carolina Supreme Court held that neither state statutes creating/defining SCDC's powers nor SCDC's operational classification regulations created a liberty interest in security or custody classifications). Since Plaintiff was committed by a Court of General Sessions to the custody of SCDC, the choices of where and how the Plaintiff is to be confined are to be determined by that agency.  Although the Plaintiff in this case is unsatisfied with his custody classification or the less relaxed atmosphere at LCI , the Defendants' classification and institutional placement of the Plaintiff have not violated his constitutional rights.  *See Wolff v. McDonnell*, 418 U.S. 539, 558-562 (1974);  *Mann v. Leeke*, 73 F.R.D. 264, 265-267 & n. 6 (D.S.C. 1974), *affirmed*, 551 F.2d 307 (4th Cir. 1977) [Table].  *See also Cooper v. Riddle*, 540 F.2d 731, 732 (4th Cir. 1976)(federal courts are not "to assume the role of

7

super wardens of state penal institutions"). As such, Defendants Padula, Nolan, Reams, Long, White, and Thompson[5] are entitled to summary dismissal from this action.

Additionally, Plaintiff's claims regarding decreased visitation opportunities and termination of his Prison Industries job are also subject to summary dismissal. First, courts have recognized that there is "no constitutional right to prison visitation, either for prisoners or visitors." *White v. Keller*, 438 F. Supp. 110, 114-115 (D. Md. 1977). *See also Bryan v. SCDC*, Civil Action No. 3:08-cv-846-RBH, 2009 WL 3166632, at *7 n. 10(D.S.C. Sept. 29, 2009); *Bonilla v. Huffman*, No. 7:09CV00342, 2009 WL 2475070, at *2 n.3 (W.D.Va. Aug 12, 2009). The Supreme Court has found that "[t]he denial of prison access to a particular visitor 'is well within the terms of confinement ordinarily contemplated by a prison sentence.' " *Kentucky Dep't of Corr. v. Thompson,* 490 U.S. 454, 461 (1989)*(citing Hewitt v. Helms,* 459 U.S. 460, 468 (1983)). *See also Dunford v. McPeak*, Civil Action No. 7:08cv00018, 2008 WL 204481, *2 (W.D.Va. Jan.24, 2008) (finding that the loss of prison visitation privileges is within the normal range of custody and, therefore, does not create a liberty interest). Second, prisoners have no property or liberty interest in work release programs or job assignments. *See O'Barr v. Pinion*, 953 F.2d 74, 85-86 (4th Cir. 1991)(removing inmate from work release program did not violate his constitutional rights)*; Ingram v. Papalia*, 804 F.2d 595, 596 (10th Cir. 1986)(no constitutional property interest in prison employment); *Adams v. James*, 784 F.2d 1077 (11th Cir. 1986)(same). Therefore, Plaintiff's assertion that the Defendants have violated

---

[5] A plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See Karafiat v. O'Mally*, No. 02-3992, 2002 WL 31845135, at **1 (6th Cir. Dec. 17, 2002); *Whaley v. Hatcher*, No. 1:08CV125-01-MU, 2008 WL 1806124, at *1 (W.D.N.C. Apr. 18, 2008). As Plaintiff provides no factual allegations against Defendant Mrs. Thompson in the body of the pleading, this Defendant would be entitled to summary dismissal in any event.

Plaintiff's constitutional rights by terminating his employment and moving him to an institution further from home is without merit.

Next, Plaintiff names Defendants Heyward A. Hinton, Samuel B. Glover, and Mr. Tommy Evans, Jr., for actions associated with the denial of Plaintiff's parole. In *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979), the Supreme Court held that an inmate has no constitutional right to parole. Furthermore, in South Carolina "[p]arole is a privilege, not a right." *Cooper v. S.C. Dep't of Probation, Parole and Pardon Servs.*, 661 S.E.2d 106, 110 (S.C. 2008)(citation omitted). The Fourth Circuit Court of Appeals has additionally cautioned that federal courts must allow state parole authorities wide discretion, *Franklin v. Shields*, 569 F.2d 784, 800 (4th Cir. 1977), and that a federal court must not involve itself in the merits of either the state's parole statute or its individual parole decisions. *Vann v. Angelone*, 73 F.3d 519, 522 (4th Cir. 1996). However, "[e]ven if a parole statute creates a liberty interest, an inmate is entitled to only minimal procedure - at most, a statement of reasons for the denial of parole." *Poore v. Underwood*, No. 00-7036, 2001 WL 117505 at **1 (4th Cir. Feb. 12, 2001)(citing *Vann*, 73 F.3d at 522). In the instant action, Plaintiff indicates that:

> [N]otice of denial of parole came from the Department's Director of hearings and Board Support Services: Mr. Heyward A. Hinton. This notice also shows the following finding of facts used to determine plaintiff not eligible for parole. (1) Nature and Seriousness of Current Offense, (2) Indication of Violence in this or Previous Offense.

ECF No. 1, pages 8,9. Thus, Plaintiff clearly states that he was provided with all the process to which he was constitutionally entitled under *Vann*.

Further, the Supreme Court has also held that, in order to recover damages for imprisonment in violation of the constitution, the imprisonment must first be successfully challenged. *See Heck v. Humphrey*, 512 U.S. 477 (1994).

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.*, 512 U.S. at 486-87. The preclusive rule of *Heck* has been extended to § 1983 claims challenging procedural deficiencies which imply the invalidity of the judgment, *Edwards v. Balisok*, 520 U.S. 641 (1997), and to actions challenging validity of parole proceedings. *McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995)(parole proceedings call into question the fact of confinement and are, thus, subject to *Heck*). *See also Husketh v. Sills*, No. 02-6261, 2002 WL 924288 (4th Cir. May 8, 2002). In the instant action, Plaintiff is clearly implying the invalidity of his current confinement. As Plaintiff has provided insufficient factual allegations to justify this Court's examination of an individual state parole decision by state officials, and has not demonstrated that the lawfulness of his confinement has been successfully challenged, Plaintiff's claims against Defendants Hinton, Glover, and Evans,[6] alleging constitutional violations associated with Plaintiff's parole proceedings, must be dismissed.

---

[6] Plaintiff also alleges a breach of trust claim against Defendant Evans. However, as Plaintiff's federal claims are subject to summary dismissal, the Court should decline to exercise supplemental jurisdiction over any state law claims which may be found in the instant civil rights action.

10

Finally, Plaintiff alleges that Defendant Jon Ozmint, SCDC Director, has "left his Department in excess of Authority of the agencies" by allowing "the staff of Lee Corrections to lock down different units at odd times for no reason." ECF No. 1, page 9. However, Plaintiff fails to provide any specific instances where he has personally been subjected to a lock down at LCI, or provided facts to demonstrate how such a lock down violates Plaintiff's constitutional rights. The complaint's general statements regarding unit lock downs, absent specific factual allegations regarding the Plaintiff, fail to state a claim under § 1983. The United States Supreme Court, in *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), recently stated:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertions[s]" devoid of "further factual enhancement."

*Id.* (citations omitted).

Although the Court must liberally construe the *pro se* complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995); *Adams v. Rice*, 40 F.3d 72, 74-75 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because "failed to contain any factual allegations tending to support his bare assertion"). Additionally, while Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). This Court is not required to develop tangential claims from scant assertions in a complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985). Therefore, Plaintiff's claim against Jon Ozmint for placing LCI units on lock-down status is subject to summary dismissal.

Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

January 4, 2011                                           Joseph R. McCrorey
Columbia, South Carolina                        United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).